Opinion issued April 10, 2003










     





In The
Court of Appeals
For The
First District of Texas




NO. 01-02-00579-CR




AARON MICHAEL LAWRENCE, Appellant

V.

THE STATE OF TEXAS, Appellee




On Appeal from the 232nd District Court
Harris County, Texas
Trial Court Cause No. 889676




MEMORANDUM OPINION
          Appellant, Aaron Michael Lawrence, pleaded guilty, without an agreed
punishment recommendation, to sexual assault of a child. The trial court withheld a 
finding of guilt and ordered the preparation of a presentence investigation report
(PSI). After a sentencing hearing, the trial court found appellant guilty and assessed
punishment at five years’ confinement. We affirm.
          On October 1, 2001, the complainant, a 16-year-old girl, was sitting on a fence
near where her mother was checking on her horse. Appellant drove by, stopped,
grabbed the girl by her arm, and dragged her into his car. Appellant drove to the hotel
where he was living and dragged the girl up to his room. There, he ordered her to
remove her clothes, pushed her down on the bed, and forced her to have sexual
relations with him. He then drove her back to a location near where he picked her up.
          The girl’s mother had been looking for her, and when the complainant told her
what had happened, she immediately called the police. After a sexual assault kit was
performed at a hospital, the complainant took the police back to the hotel room and
pointed out the room where the assault had taken place. Appellant was later arrested
at his place of employment.
          At the punishment hearing, appellant admitted having sex with the underage
girl, but contended that she was a willing participant.
          In his sole point of error, appellant contends the trial court erred by not
allowing him to ask the complainant at the punishment hearing about whether she had
ever had sex with any other older man. We find appellant’s complaint meritless for
two reasons: (1) his objection on appeal does not comport with the objection asserted
at trial; and (2) the rule of evidence upon which appellant relies is not effective.
          1.       Objection on appeal fails to comport with trial objection
          During the punishment hearing, the following exchange took place when
defense counsel was questioning the complainant:
[Defense Counsel]: [Complainant] just you (sic) a couple more questions. Had
you ever slept with an older man before?
 
[Prosecutor]: Your Honor, I’m going to object under Rule - 
 
[Defense Counsel]: I’ll rephrase the question.
 
[Prosecutor]: Judge, I don’t think there’s any way to rephrase it unless under
Rule 412 he can overcome the evidence of specific instances rule that prevents
him from asking anything about alleged victims past sexual behavior.
 
[The Court]: Sustained.
 
[Defense Counsel]: I was going to offer it for impeachment purposes, Your
Honor. (Emphasis added).
 
[Prosecutor]: Same objection.
 
[The Court]: Sustained.

          On appeal, appellant argues not that the evidence was admissible for purposes
of impeachment, but that it should have been admitted as evidence in mitigation of
punishment. Because his point of error on appeal does not comport with his objection
at trial, his complaint on appeal has been waived. See Coffey v. State, 796 S.W.2d
175, 179 (Tex. Crim. App. 1990) (trial court objection must comport with point of
error raised on appeal).
          2.       Rule of Evidence 412(e) has been disapproved by the legislature
          Appellant further argues that the evidence is admissible under Texas Rule of
Evidence 412(e), which provides:
(e) Sexual Conduct of Child as Defense. This rule does not limit the
right of the accused to produce evidence of promiscuous sexual conduct
of a child 14 years old or older as a defense to sexual assault, aggravated
sexual assault, indecency with a child or an attempt to commit any of the
foregoing crimes. If such evidence is admitted, the court shall instruct
the jury as to the purpose of the evidence and as to its limited use.

Tex. R. Evid. 412(e).
          Although still present in the rules of evidence, rule 412(e) was disapproved by
the legislature in 1993. See Act of May 29, 1993, 73rd Leg. R.S., ch. 900, § 1.17,
1993 Tex. Gen. Laws 3705 (“Under the terms of Section 22.109(b), Government
Code, Rule 412(e), Texas Rules of Criminal Evidence, is disapproved.”). As such,
it is no longer effective. See Tex. Gov’t Code Ann. § 22.109 (Vernon 1988) (“The
rules and amendments to rules [adopted under this statute, which grants the court of
criminal appeals full rulemaking power in the promulgation of rules of evidence in
the trials of criminal cases] remain in effect unless and until disapproved by the
legislature.”). Because rule 412(e) has been disapproved by the legislature, it is no
longer effective and cannot serve as the basis for admitting the complained of
evidence.



          We overrule appellant’s sole point of error.
          We affirm the judgment.
 



                                                             Sherry Radack
                                                             Chief Justice

Panel consists of Chief Justice Radack and Justices Nuchia and Hanks.

Do not publish. Tex. R. App. P. 47.